[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff, who is one of two payees on a check, brings this action against the other payee, Robert Bourassa, and against the defendant Bay Bank arising out of the defendant Bay Bank cashing the check where only the defendant Bourassa endorsed the check. Bay Bank moves for summary judgment.
The action against Bay Bank is in two counts. The sixth count is an action in conversion, under the provisions of General Statutes § 42a-3-420. The seventh count is in negligence for allegedly cashing a check with insufficient endorsement.
The check, in its face, is payable to the order of:
 Robert Bourassa Barco Auto Leasing 51 Lakeview Ct. Colchester, Conn.
The space for endorsement on the back of the check contains the following printed language:
 "All parties named as payees must endorse exactly as drawn. When endorsed by any other person or agent for payee, proper CT Page 1308 evidence of authority must accompany a check. If payable to a company or corporation, must be signed by authorized officer with title."
The check was delivered to the defendant Bay Bank with only the signature of Robert C. Bourassa, and his address, as endorser. Bourassa is not related to the plaintiff Barco Auto Leasing Corp. in any fashion. No signature purporting to that of or for Barco Auto Leasing Corp. appears as an endorser. The check was cashed by Bourassa, and the funds paid solely and exclusively to Bourassa. The check is drawn on First Union National Bank, Burlington, N.C. It may be assumed that the funds were paid by that drawee bank, through the chain of collection, to Bay Bank, who paid over the funds to Bourassa. First Union National Bank, the drawer bank, is not a party to this action.
The issue, as presented by the parties, arises out of the provisions of General Statutes § 42a-3-110(d). That section provides as follows:
 "(d) If an instrument is payable to two or more persons alternatively, it is payable to any of them and may be negotiated, discharged, or enforced on any or all of them in possession of the instrument. If an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged or enforced only by all of them. If an instrument payable to two or more persons is ambiguous as to whether it is payable to the persons alternatively, the instrument is payable to the persons alternatively."
The listing of the names on the check does not contain the word "or". The listing does not contain the word "and". The defendant contends that the absence of either word, or any other form of designation, causes the listing to be ambiguous. The plaintiff contends that the listing of the names, without a designation indicating that the payees are to be alternative, causes the listing to be not alternative. The plaintiff further asserts that the printed language in the endorsement space requires the signature of both payees and therefore supports the CT Page 1309 plaintiff's contention that the instrument is not payable alternatively.
The contention of each of the parties has some merit. The cases cited by the defendant do not deal with a factual scenario whereby the printed endorsement space apparently contains a specification that a check be endorsed by both payees. Whether rules of construction of contract law, so as to determine the existence of ambiguity, are here appropriate (see Dugan v.Grzybowski, 165 Conn. 173, 179 (1973) would be for the trial court to determine. General Statutes § 42a-3-110(d) does not purport to deal with these circumstances.
This court cannot determine that there is no genuine issue as to any material fact, and consequently the moving party is not entitled to judgment as a matter of law.
For the reasons set forth herein the motion for summary judgment of the defendant Bay Bank is denied.
L. Paul Sullivan, J.